Jeffrey I. Hasson                                           Honorable Owen M. Panner
Davenport & Hasson, LLP
12707 NE. Halsey Street
Portland, OR  97230
Phone: (503) 255-5352
Facsimile No.: (503) 255-6124
E-Mail: hasson@dhlaw.biz
Oregon State Bar No. 872419
Attorney for Defendant National Enterprise Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| EVARISTO TIXTA,<br><br>                 Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA CORPORATION, A<br>FOREIGN CORPORATION, et al.,<br><br>               Defendants. | Case No.: 3:08-CV-3098-PA<br><br>ANSWER, AFFIRMATIVE DEFENSES AND<br>COUNTERCLAIM OF DEFENDANT<br>NATIONAL ENTERPRISE SYSTEMS, INC. |

COMES NOW Defendant National Enterprise Systems, Inc. ("NES"), without waiving any

objections, rights, and defenses relating to jurisdiction and process, hereby answers Plaintiff's

complaint as follows:

## I.  ANSWER

1.1     NES lacks sufficient information to determine the truth or falsity of the

allegations of Paragraph 1, and therefore denies the allegations contained in Paragraph 1 of

Plaintiff's Complaint.

1.2     NES admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

Page 1. ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT
       NATIONAL ENTERPRISE SYSTEMS, INC.

1.3     NES admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

1.4     NES admits CCC is a corporation, and denies the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

1.5     NES admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

1.6     NES admits Plaintiff held a Bank of America credit card, and lacks sufficient information to determine the truth or falsity of the allegations in paragraph 6, and therefore denies the same.

1.7     NES lacks sufficient information to determine the truth or falsity of the allegations in paragraph 7, and therefore denies the same.

1.8     NES lacks sufficient information to determine the truth or falsity of the allegations in paragraph 8, and therefore denies the same.

1.9     NES lacks sufficient information to determine the truth or falsity of the allegations in paragraph 9, and therefore denies the same.

1.10     NES lacks sufficient information determine the truth or falsity of the allegations in paragraph 10, and therefore denies the same.

1.11     NES denies the allegations in paragraph 11 of Plaintiff's Complaint.

1.12     NES admits CCC sent Plaintiff Exhibit C, and denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

1.13     NES admits that CCC contacted Plaintiff, and denies the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

1.14     NES admits that CCC contacted Plaintiff, and denies the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

1.15    NES admits NES sent Plaintiff Exhibit D, and denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

1.16    NES admits that NES contacted Plaintiff, and denies the remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

1.17    NES admits Exhibit E was sent to CCC, and denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

1.18    NES denies Paragraph 18 of Plaintiff's Complaint.

1.19    NES denies Paragraph 19 of Plaintiff's Complaint.

1.20    NES denies Paragraph 20 of Plaintiff's Complaint.

1.21    NES denies Paragraph 21 of Plaintiff's Complaint.

1.22    NES admits Exhibit F was sent to NES, and denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

1.23    NES admits and denies Paragraph 23 as set forth in Paragraphs 1.1 to 1.22 above.

1.24    NES denies Paragraph 24 of Plaintiff's Complaint.

1.25    NES denies Paragraph 25 of Plaintiff's Complaint.

1.26    NES admits and denies Paragraph 26 as set forth in Paragraphs 1.1 to 1.25 above.

1.27    NES denies Paragraph 27 of Plaintiff's Complaint.

1.28    NES denies Paragraph 28 of Plaintiff's Complaint.

1.29    NES admits and denies Paragraph 29 as set forth in Paragraphs 1.1 to 1.28 above.

1.30    NES lacks sufficient information to determine the truth or falsity of the allegations in paragraph 33, and therefore denies the same.

1.31    NES lacks sufficient information to determine the truth or falsity of the allegations in paragraph 31, and therefore denies the same.

1.32    NES lacks sufficient information to determine the truth or falsity of the

allegations in paragraph 32, and therefore denies the same.

1.33    Except as so admitted, NES denies each and every allegation in Plaintiff's

Complaint.

## II. AFFIRMATIVE DEFENSES

Having answered Plaintiff's complaint, NES alleges the following affirmative defenses.

2.1    **Failure to State Claims**.

2.2    **Lack of Subject Matter Jurisdiction.**

2.3    **Failure to Mitigate.**  Plaintiff failed to mitigate any damages which he may have

suffered.

2.4    **Bonafide Error.**  Any violation of law, which is specifically denied, was not

intentional and resulted from a bona fide error notwithstanding the maintenance of procedures

reasonably adapted to avoid any such error.

2.5    **Good Faith Reliance.**  At all pertinent times, Defendant acted in good faith

reliance on the information provided by the creditor or original creditor of the account.

2.6    **Good Faith.**  Defendant acted in good faith at all times.

2.7    **No False Statements.**  Defendant did not make any false or misleading

representation to Plaintiff or anyone else.

2.8    **Reliance.**  Plaintiff did not justifiably rely upon any alleged false or misleading

representation.

2.9    **Reasonable and Lawful.**  All amounts attempted to be collected by Defendant

are reasonable and lawful pursuant to the common law and/or statutory law of Oregon.

## III.  COUNTERCLAIM

Page 4. ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT
NATIONAL ENTERPRISE SYSTEMS, INC.

3.1      NES is entitled to its reasonable attorney fees for defending Plaintiff's claim

under the Oregon Unlawful Debt Collection Practices Act by reason of ORS 646.641.

### III. PRAYER

Wherefore having fully answered Plaintiff's complaint, having interposed affirmative

defenses and counterclaims, the NES prays for the following relief:

4.1      Dismissal of the Action with prejudice, and with costs and attorney fees to NES.

4.2      For such other and further relief as may be provided by law.

Dated October 8, 2008.

DAVENPORT & HASSON, LLP


s/ Jeffrey I. Hasson
Jeffrey I. Hasson, OSB No. 872419
Attorney for NES

Page 5. ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT
        NATIONAL ENTERPRISE SYSTEMS, INC.