IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EVARISTO TIXTA,<br><br>          Plaintiff,<br><br>          v<br><br>BANK OF AMERICA CORPORATION, a<br>foreign corporation et al.,<br><br>          Defendants. | Case No.: 08-3098-PA<br><br>PROTECTIVE ORDER ON CONFIDENTIAL<br>INFORMATION |

Bank of America Corporation, a foreign corporation ("BofA"), NCO Financial Systems, Inc., a foreign corporation ("NCO"), Collectcorp Corporation, a foreign corporation ("CC"), and National Enterprise Systems, Inc., a foreign corporation ("NES") are engaged in proprietary activities, and could suffer immediate and irreparable harm if non-public data and other confidential information were disclosed publicly;

NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE, subject to the approval of the Court, that the following protective order regarding confidential information

PAGE 1.   PROTECTIVE ORDER ON CONFIDENTIAL
          INFORMATION

(the "Stipulation and Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and any other information produced, given, or exchanged by and among the parties and any non-parties to the above captioned Action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

1.   Any person or entity who produces any Discovery Material, and any person or entity, who generated or has rights in any Discovery Material, shall be referred to herein as a "Producing Party."

2.   Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material").  For purposes of this Stipulation and Order, information considered to be Confidential includes all non-public materials containing information related to accounts for collections, including personal financial or other information, or other commercially or personally sensitive or proprietary information including all policy manuals, procedure manuals and training manuals utilized by any defendant in the prosecution of its collection business. The Confidential status of any item or items of Discovery Material shall lapse if such material(s) becomes public by any of the following occurrences: voluntary disclosure by the producing party if such disclosure is unrelated to this litigation, or a voluntary disclosure of the Material by a person or entity not a party to this litigation.  Notwithstanding the foregoing provision on the lapse of Confidentiality status, information designated as Confidential Discovery Material which pertains to individual accounts referred for collection shall remain Confidential even if the existence or information about such individual account is voluntarily disclosed by a nonparty or

PAGE 2.   PROTECTIVE ORDER ON CONFIDENTIAL
INFORMATION

a party to this litigation.

3.    Any Producing Party may also apply to the Court for an order to supplement the foregoing categories of Confidential Discovery Material or to designate particular documents not within the foregoing categories as Confidential Discovery Material.  The designation by any Producing Party of any Discovery Material as "Confidential" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the designating party and that there is a valid basis for such designation.

4.    Discovery Material, or information derived therefrom, shall be used solely for the purposes of this Litigation and shall not be used for any other purpose.

(a)    The designation of Discovery Material as "Confidential" for purposes of this Stipulation shall be made in the following manner by any Producing Party in the case of documents, exhibits, briefs, memoranda, interrogatories, or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential or Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Discovery Material; and

(b) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for the Producing Party, at the time of or immediately following such disclosure; or (ii) by written notice, sent by such counsel to all parties within five (5) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidential legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential or Discovery Material.  Only those portions of the transcripts designated as "Confidential" shall be

PAGE 3.    PROTECTIVE ORDER ON CONFIDENTIAL
                   INFORMATION

deemed Confidential Discovery Material.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

(c)  In the case of materials produced in electronic format by affixing to the electronic media upon which the information is stored a label with the legend "Confidential".

(d)  The designation of any material, disclosed during the inspection of any records or other tangible things, as Confidential by a Producing Party shall relate back to the initial viewing and copying of those records or other tangible things.

5.    Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)    outside law firms who represent parties that have appeared in this Litigation, including partners, associates and employees of such law firms necessary to assist in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(b)    experts or consultants necessary to assist counsel for parties that have appeared in this Litigation, subject to the limitations and requirements of paragraph 6;

(c)    witnesses or deponents (other than witnesses and deponents covered by (d) below), and their counsel, during the course of or, to the extent necessary, in preparation for depositions, execution of affidavits or testimony in this Litigation, subject to the limitations and requirements of paragraph 7;

(d)    plaintiff and the directors, officers, employees and general or limited partners of the parties, or any subsidiary or affiliate thereof, who are assisting the parties in this Litigation, or who appear as witnesses or deponents, and any professional employee of any person providing professional advice to any of the parties;

PAGE 4.    PROTECTIVE ORDER ON CONFIDENTIAL
             INFORMATION

(e)    the Court and its employees, pursuant to paragraphs 9 and 10 of this Stipulation and Order;

(f)    court reporters employed in connection with this Litigation; and

(g)    any other person only upon order of the Court or upon written stipulation of the Producing Party.

6.    Notwithstanding anything contained in the foregoing paragraph 5, Confidential Discovery Material may only be provided to persons listed in Paragraph 5(b) above to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution of this Litigation, provided that such expert or consultant (i) has not previously been an Employee of defendant; and .(ii) is using said Confidential Discovery Material solely in connection with this Litigation, and further provided that such expert or consultant signs an undertaking, in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Discovery Material for purposes other than those permitted hereunder.  Such undertakings shall be retained in the files of the counsel for the parties who have engaged such consultant or expert.

7.    Every person given access to Confidential Discovery Material or information contained therein shall first be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.  All persons listed in Paragraphs 5(c) above, who are given access to Confidential Discovery Material or information contained therein, shall first be required to confirm their understanding and agreement to abide by the terms of this Stipulation and Order by signing a written undertaking to such effect.  Such undertakings shall be retained in the files of

PAGE 5.    PROTECTIVE ORDER ON CONFIDENTIAL
            INFORMATION

counsel by whom the disclosure of the Confidential Discovery Material or information was

provided.

       8.     All documents of any nature, including briefs and deposition transcripts, which

have been designated as "Confidential" which are filed with the Court shall be filed with the

Court under seal.

       9.     Documents which contain information which has been designated "Confidential"

shall be filed in sealed envelopes marked with the title of the Litigation and bearing a statement

substantially in the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO A PROTECTIVE
ORDER DATED DECEMBER ___, 2008 GOVERNING
CONFIDENTIALITY OF DOCUMENTS AND INFORMATION
OBTAINED DURING THE COURSE OF THIS LITIGATION.

THIS ENVELOPE IS NOT TO BE OPENED NOR THE
CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT
BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.

All such materials so filed shall be released from confidential treatment by the Clerk of the Court

only upon further order of the Court.  Any party who wishes to challenge the propriety of the

designation of Discovery Material as "Confidential" may do so by providing written notice to the

Producing Party within twenty (20) days of the date of the designation of such Discovery

Material.  The objecting party and the Producing Party shall attempt in good faith to resolve any

challenge on an informal basis.  If an agreement cannot be reached, the objecting party may seek

a decision from this Court with respect to the propriety of the designation.  The Confidential

Discovery Material will continue to be protected by the terms of this Stipulation and Order until

the Court orders otherwise.

       10.     Entering into, agreeing to, and/or producing or receiving Confidential Discovery

Material or otherwise complying with the terms of this Stipulation and Order shall not:

PAGE 6.   PROTECTIVE ORDER ON CONFIDENTIAL
              INFORMATION

(a)     operate as an admission by any party that any particular Confidential Discovery Material contains or reflects trade secrets or any other type of confidential information;

(b)     prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

(c)     prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

(d)     prejudice in any way the rights of a party to seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation and Order;

(e)     prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information.

11.     This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Discovery Material for any purpose.

12.     Failure to designate any information as Confidential Discovery Material pursuant to this Stipulation and Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for the return to the Producing Party of all copies of the inadvertently misdesignated documents and the substitution, where appropriate, of properly labeled copies.

PAGE 7.   PROTECTIVE ORDER ON CONFIDENTIAL
          INFORMATION

13.     If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party(ies), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this paragraph with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose.  The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering such an Order the fact or circumstance of the inadvertent production, except to the extent necessary to disclose to the court why the moving party is aware of the existence of the material.

14.     In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

15.     It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery in this Litigation.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order, or relief therefrom, by application to the Court on notice to the other parties hereto.

16.     The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order, or an alternative thereto which is satisfactory to all parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

PAGE 8.    PROTECTIVE ORDER ON CONFIDENTIAL
               INFORMATION

17.     The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.  Within 20 days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material is permitted to be used, including the exhaustion of all permissible appeals or expiration of time for appeals, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to counsel for the party that produced it or shall destroy all such Confidential Discovery Material and certify that fact to counsel for the Producing Party. Outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product (including discovery material containing Confidential Discovery Material) provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Discovery Material.  All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

PAGE 9.   PROTECTIVE ORDER ON CONFIDENTIAL
              INFORMATION

18.    In the event that any Confidential Discovery Material is used in any court proceeding in this Litigation or any appeal therefrom, subject to the applicable Court rules, said Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use.  In addition to or as a supplement to the procedure described in paragraph 7 herein, counsel shall confer and develop written procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings

DATED:_____

_____
US DISTRICT COURT JUDGE

STIPULATED TO AND PRESENTED BY:

DATED*:*    December 11, 2008               DATED*:*    December 10, 2008

By: s/ Lisa Johnston-Porter                By: s/ Jeffrey I. Hasson
    Lisa Johnston-Porter                       Jeffrey I. Hasson
    OSB No.02503                               OSB No. 872419
    Johnston Porter Law Office                 Davenport & Hasson, LLP
    16200 SW Pacific Hwy., Suite H233          12707 NE Halsey Street
    Tigard, OR 97224                           Portland, Oregon 97230

    Counsel for Plaintiff                      Counsel for CC and NES

DATED*:*    December 10, 2008               DATED*:*    December 11, 2008

By: s/ Robert E. Sabido                    By: s/ Erik J. Glatte
    Robert E. Sabido                           Erik J. Glatte
    OSB No.96416                               OSB No. 91572
    Cosgrave Vergeer Kester LLP                Kellington, Krack, Richmond,
    805 SW Broadway, 8th Floor            Blackhurst & Glatte, LLP
    Portland, OR 97205                         23 Newtown Street
                                               Medford, OR 97501
    Counsel for NCO
                                               Counsel for BofA

PAGE 10.  PROTECTIVE ORDER ON CONFIDENTIAL
          INFORMATION